DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

PETER ARCHER,                  )
                               )
         Plaintiff,            )
                               )
    v.                         )   Civil No. 16-03
                               )
KMART CORPORATION,             )
                               )
         Defendant.            )
                               )
                               )

**APPEARANCES:**

**Peter Archer**
St. Thomas, USVI
    *Pro se.*

**Richard F. Farrelly**
Law Offices of Birch DeJongh & Hindels PLLC
St. Thomas, VI
    For Kmart Corporation.

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of the plaintiff, Peter Archer ("Archer"), to voluntarily dismiss this action without prejudice and for sanctions against counsel of the Kmart Corporation ("Kmart").

On November 4, 2015, Archer entered a store owned by Kmart on St. Thomas, United States Virgin Islands. The Kmart store contained a display that contained a table and a bench. Archer sat on the bench. The bench collapsed. Archer fell. Archer allegedly sustained injuries as a result of the fall. On January

19, 2016, Archer brought suit in this Court. The Complaint contains two Counts. Count I raises a negligence claim. Count II raises a premises liability claim. Originally, Archer was represented by counsel. However, counsel for Archer withdrew in July, 2016. Archer has not obtained replacement counsel. Archer currently represents himself.

Since Archer began representing himself, problems involving discovery matters have arisen. In an April 8, 2016, trial management order, the Magistrate Judge ordered the parties to complete fact discovery by December 31, 2016. To date, Kmart has been unable to depose Archer. Kmart alleges that Archer has been uncooperative in arranging his deposition. On January 25, 2017, Kmart filed a motion to dismiss. Kmart argues that dismissal is required "because Plaintiff has persistently failed to abide by Court deadlines and properly prosecute his claim." *Mot. to Dismiss*, ECF No. 46, at 1.

On February 21, 2017, the parties met before the Magistrate Judge. As part of that hearing, the parties informed the Court that they were in agreement that the matter should be dismissed without prejudice. The Magistrate Judge informed the parties that they would need to bring the possibility of a dismissal to the undersigned's attention or file a stipulation of dismissal. On April 27, 2017, Archer filed a document entitled "Plaintiff's

Pleadings and Proposed Order on Defendant's Motion to Dismiss Plaintiff's Complaint Without Prejudice as Per Hearing Heard on February 21, 2017" (the "motion"). In the motion, Archer requests that the Court dismiss the matter without prejudice. Archer also moves for sanctions against Kmart's counsel for what he describes as a breach "of consent of magistrate Judge performance to hear case."[1] Insofar as Archer's motion seeks dismissal of his action, it is made pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Rule 41(a)(2)").

> Rule 41(a)(2) provides, in pertinent part, that:
>> an action may be dismissed at the plaintiff's request . . . on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2).

It is within the Court's discretion whether to grant a Rule 41(a)(2) motion. *See Ferguson v. Eakle*, 492 F.2d 26, 28-29 (3d Cir. 1974). In ruling on such a motion, the Court must "decide the presence or extent of any prejudice to the defendant by the draconian measure of dismissing plaintiff's complaint." *Id*. at 29.

---

[1] It is unclear as to what precise legally meaningful breach Archer complains.

Kmart has formerly informed the Court that it was in favor of dismissing the Complaint without prejudice. Furthermore, Kmart's own pending motion seeks dismissal. Finally, Kmart has not filed a counterclaim. The Court perceives no prejudice to Kmart if Archer's motion is granted.

Accordingly, the Court will dismiss Archer's complaint without prejudice.

The premises considered, it is hereby

**ORDERED** that Archer's motion, insofar as it seeks to dismiss his action, is hereby **GRANTED**; it is further

**ORDERED** that Archer's motion, insofar as it seeks sanctions, is **REFERRED** to Magistrate Judge Ruth Miller for a Report and Recommendation; it is further

**ORDERED** that the trial setting in this matter is **VACATED**; it is further

**ORDERED** that all other pending motions in this case are **MOOT**; it is further

**ORDERED** that this case is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

S\_____
   **CURTIS V. GÓMEZ**
   **District Judge**